UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELI LILLY AND COMPANY, et al., | CASE NO. C17-0267JLR |
| Plaintiffs, | ORDER ON MOTION TO |
| v. | TRANSFER OR TO QUASH OR MODIFY AND FOR |
| TEVA PHARMACEUTICALS USA INC., et al., | PROTECTIVE ORDER |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Plaintiffs Eli Lilly and Company ("Lilly") and ICOS

Corporation's ("ICOS") (collectively, "Plaintiffs") motion to transfer Defendants Teva

Pharmaceuticals USA Inc. ("Teva") and Watson Laboratories, Inc.'s ("Watson")

(collectively, "Defendants") subpoenas to nonparty Dr. John Steven Whitaker or, in the

alternative, to quash or modify Defendants' subpoenas and for a protective order.  (Mot.

(Dkt. # 1).)  The court has considered the motion, the submissions related to the motion,

1   the relevant portions of the record, and the applicable law.  Being fully advised,[1] the court

2   GRANTS in part and DENIES in part Plaintiffs' motion for the reasons set forth below.

3                          **II.    BACKGROUND**

4          Plaintiffs' motion is related to ongoing litigation in *Eli Lilly & Co. v. Actavis Labs.*

5   *UT, Inc.*, Case No. 1:16-cv-1119-AJT-MSN (consolidated) (E.D. Va.) ("the Underlying

6   Litigation").  (*See* Mot. at 2.)  The Underlying Litigation involves 11 consolidated actions

7   in which Plaintiffs assert a patent covering technology related to the drug Cialis.  (*Id.*)

8   The patent-in-suit is U.S. Patent No. 6,943,166 ("the '166 patent").  (*Id.*)  Dr. Whitaker is

9   not a party to the Underlying Litigation, but he is "a named co-inventor of the '166

10  patent" (*id.*) and a former employee of ICOS, which Lilly acquired in 2007, and of Lilly

11  (*id.* at 2-3).

12         A protective order governs discovery matters among the parties and non-parties in

13  the Underlying Litigation ("the Protective Order").  (E.D. Va. PO (Dkt. # 1-2) at 67-97.)[2]

14  Because of the nature of the information involved in the Underlying Litigation, the

15  Protective Order allows "any party or third party" to designate certain material as

16  "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S

17  EYES ONLY."  (*See id.* at 68-82.)  "[A]ny non-public document, material, or

18  information" may be designated "CONFIDENTIAL" if it "contains, reflects, or otherwise

19

20         [1] No party requested oral argument, and the court determines that oral argument would
    not be helpful to the court's disposition of the motion.  *See* Local Rules W.D. Wash. LCR
21  7(b)(4).

22         [2] The court cites the ECF page numbers given to the Protective Order, which was filed as
    an exhibit.

ORDER - 2

1    discloses a party's confidential research, development, manufacturing, marketing, sales,

2    regulatory approval, or commercial information, including . . . trade secrets." (*Id.* at

3    68-69.)  Material may be designated "HIGHLY CONFIDENTIAL – OUTSIDE

4    COUNSEL'S EYES ONLY" if disclosure of the information to a competitor "would

5    create a substantial risk of causing the Producing Party competitive harm and . . . the

6    Producing Party would not normally reveal [the information] to third parties except in

7    confidence, and/or . . . the Producing Party has undertaken the obligation, by agreement

8    with others, to maintain [the information] in confidence." (*Id.* at 69.)  Such highly

9    confidential information includes "unpublished patent applications, investigational new

10   drug applications, [and] highly sensitive research and development information," among

11   other things.  (*Id.*)  The Protective Order also defines proprietary or confidential

12   information and trade secrets (*id.* at 70), describes processes for the production of

13   documents or other materials deemed confidential and for depositions that involve

14   disclosure of protected materials (*id.* at 70-72), sets parameters on how confidential

15   materials may be accessed and used by the party receiving such materials (*id.* at 72-81),

16   and establishes a procedure for challenging a party's designation of materials as

17   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (*id.* at 81-82).

18          On January 26, 2017, Defendants served a document subpoena on Dr. Whitaker.

19   (Produc. Subpoena (Dkt. # 1-1) at 2.)  Defendants make 19 requests for the production of

20   documents covering a range of subjects, including the '166 patent, a '958 patent, research

21   related to the treatment of male and female sexual dysfunction, agreements and

22   communications between Dr. Whitaker and Plaintiffs, Dr. Whitaker's curriculum vitae,

1   and publications and presentations that Dr. Whitaker authored or contributed to.  (*Id.* at

2   2.)  Defendants also served on Dr. Whitaker a deposition subpoena, which does not

3   specify deposition topics.  (Dep. Subpoena (Dkt. # 1-1) at 16.)  On February 2, 2017,

4   Plaintiffs moved to transfer, quash, or modify the subpoenas.  (*See* Mot.)

5       Plaintiffs' motion stems from a recent falling out between Plaintiffs and Dr.

6   Whitaker.  (*See id.* at 3-4.)  Dr. Whitaker had been consulting for Plaintiffs in the

7   Underlying Litigation "at his customary rate of $500[.00] per hour."  (Stewart Decl. (Dkt.

8   # 1-3) ¶ 5, Ex. 1.)  According to Mark Stewart, Lilly's Senior Director – Assistant

9   General Patent Counsel, on January 11, 2017, Dr. Whitaker stated that he intended to

10  raise his hourly rate and asked what the highest hourly partner rate was at Finnegan,

11  Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan"), Plaintiffs' counsel in the

12  Underlying Litigation.  (*Id.* ¶¶ 5-6.)  When Plaintiffs declined to pay Dr. Whitaker a

13  higher hourly rate, he terminated his consultation.  (*Id.* ¶¶ 6-7, Ex. 3.)

14      On January 29, 2017—three days after Defendants served their subpoenas on

15  him—Dr. Whitaker contacted Mr. Stewart to meet.  (*Id.* ¶ 8.)  When Dr. Whitaker, Mr.

16  Stewart, and Plaintiffs' counsel met later that day, Mr. Stewart attests that Dr. Whitaker

17  stated that "he was dissatisfied with the $1.25 million he had received when Lilly

18  purchased ICOS," "he would provide testimony in response to . . . Defendants' subpoena

19  in a manner that would be harmful" to Plaintiffs unless they paid him $50 million, and

20  "he had Lilly documents in his possession that he would provide in response in response

21  to . . . Defendants' subpoena."  (*Id.* ¶¶ 8-9.)

22      The court now addresses Plaintiffs' motion.

1        **III.    ANALYSIS**

2    **A.    Legal Standards**

3            District courts have broad discretion to determine the scope of discovery.  *Cabell*

4    *v. Zorro Prods., Inc.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013).  Under Federal Rule of

5    Civil Procedure 45, "[o]n timely motion, the court for the district where compliance"

6    with a subpoena "is required must quash or modify a subpoena that . . . requires

7    disclosure of privileged or other protected matter, if no exception or waiver applies."

8    Fed. R. Civ. P. 45(d)(3)(A)(iii).  A court may quash or modify a subpoena that requires

9    "disclosing a trade secret or other confidential research, development, or commercial

10   information."  Fed. R. Civ. P. 45(d)(3)(B)(i).  A party may move to modify a subpoena

11   directed to a third party if the subpoena seeks the moving party's privileged information.

12   *See Johnson v. U.S. Bancorp*, No. C11-2010RAJ, 2012 WL 6726523, at *2 (W.D. Wash.

13   Dec. 27, 2012).

14           On a showing of good cause, the court may also issue a protective order pursuant

15   to Federal Rule of Civil Procedure 26(c).  *See* Fed. R. Civ. P. 26(c).  The party seeking

16   the protective order must show that it will suffer "specific prejudice or harm" if the court

17   does not issue a protective order.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,

18   307 F.3d 1206, 1210-11 (9th Cir. 2002); *Braun v. Primary Distrib. Doe No. 1 & Does*

19   *2-69*, No. 12-3690 YGR (JSC), 2012 WL 12895845, at *2 (N.D. Cal. Nov. 19, 2012)

20   (stating that the burden is on the party seeking the protective order); *Miller v. York Risk*

21   *Servs. Grp.*, No. CV-13-01419-PHX-JWS, 2014 WL 11515634, at *2 (D. Ariz. June 20,

22   2014) (stating that good cause is generally shown when disclosure would lead to "a

1    clearly defined, specific[,] and serious injury").  The protective order may prohibit the

2    requested discovery, limit the scope of discovery, or fix the terms of disclosure.  *See*

3    *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (citing Fed. R. Civ. P. 26(c)).

4    **B.    Plaintiffs' Motion**

5           Plaintiffs request that the court transfer its motion to the District Court for the

6    Eastern District of Virginia or quash and/or modify the Defendants' subpoenas and issue

7    a protective order identical to that in the Underlying Litigation.  (*See* Mot. at 2.)  Dr.

8    Whitaker opposes transferring the motion,[3] but "has no objection to allowing Eli Lilly to

9    'prescreen' documents responsive to the records subpoenas prior to their production to

10   Defendants," and he is willing at his deposition "to abide by the instructions provided by

11   Eli Lilly's counsel with respect to issues of privilege, subject to review by the appropriate

12   court."  (Resp. at 2.)  Defendants have not objected or otherwise responded to Plaintiffs'

13   motion.  (*See generally* Dkt.)  Based on Dr. Whitaker's response, Plaintiffs now request

14   that the court "enter Plaintiffs' alternative relief of quashing/modifying Defendants'

15   subpoenas consistent with Plaintiffs' Proposed Order."  (Reply (Dkt. # 5) at 2; *see also*

16   Prop. Order (Dkt. # 1-4).)  Based on the agreement between Plaintiffs and Dr. Whitaker,

17   the court addresses only Plaintiffs' request to modify the subpoenas and for a protective

18   order.

19   //

20

21          [3] Dr. Whitaker objects because he "resides and works in this district, the documents
     which are the subject of the subpoena are located in this district, and the deposition would take
22   place in this district."  (Resp. (Dkt. # 3) at 2.)  He also contends that "[t]hese local issues can be
     readily resolved by this [c]ourt."  (*Id.*)

ORDER - 6

1    First, Plaintiffs contend that modification and a protective order are necessary

2    because they "cannot rely on [Dr. Whitaker] to comply with his fiduciary obligations to

3    Lilly or preserve Lilly's trade secrets and confidential information by producing his

4    discovery under the protections of the protective order entered in the underlying

5    litigation."  (Mot. at 3.)  Plaintiffs also assert that they cannot trust Dr. Whitaker to

6    "withhold Lilly's privileged information from discovery, create a privilege log instead of

7    producing privileged documents, or refuse to disclose Lilly's privileged information

8    during deposition."  (*Id.* at 3-4.)

9    In addition to arguing that Dr. Whitaker stands ready to disclose Plaintiffs'

10   privileged or confidential information, Plaintiffs argue that the scope of some of

11   Defendants' requests for documents encompass its privileged or confidential information.

12   (*Id.* at 3-4)  In particular, Plaintiffs argue that Defendants' first and second requests call

13   for Plaintiffs' confidential business information and "privileged patent-prosecution

14   documents."  (*Id.* at 7-8; *see also* Produc. Subpoena at 11.)  On the other hand, Plaintiffs

15   acknowledge that some of the requests, such as the request for Dr. Whitaker's "current

16   and complete CV," does not implicate Plaintiffs' privilege or confidentiality.  (Mot. at 7

17   n.3.)  Thus, Plaintiffs do not assert a blanket privilege.

18   Based on the foregoing circumstances, Plaintiffs request that the court grant the

19   following relief:  (1) allow Plaintiffs to "prescreen" documents responsive to Defendants'

20   subpoena that are within Dr. Whitaker's possession before Dr. Whitaker produces them

21   to Defendants or any other third party; (2) allow Plaintiffs to produce to Defendants Dr.

22   Whitaker's responsive documents under the protective order in the Underlying Litigation

1    with the exception of privileged items, for which Plaintiffs will create a privilege log; and

2    (3) prohibit Dr. Whitaker from providing Plaintiffs' privileged or confidential

3    information to Defendants or any other third party outside of a deposition; and (4) require

4    that the protective order in the Underlying Litigation govern any deposition of Dr.

5    Whitaker and require Dr. Whitaker to follow Plaintiffs' instruction on privilege issues at

6    any such deposition.  (*See* Prop. Order at 2; Reply at 2.)

7         The court finds that Defendants' subpoenas to Dr. Whitaker implicate Plaintiffs'

8    privileged and trade secret or confidential information, even if certain requests do not.[4]

9    (*See* Produc. Subpoena at 24-27; Dep. Subpoena; Mot. at 7 n.3); Fed. R. Civ. P.

10   45(d)(3)(A)(iii); Fed. R. Civ. P. 45(d)(3)(B)(i).  In addition to the fact that many of the

11   requests facially seek potentially privileged or confidential information, Dr. Whitaker is

12   one of the inventors of the '166 patent and has represented to Plaintiffs that he possesses

13   confidential information.  (*See* Mot. at 8; Stewart Decl. ¶ 9.)  Accordingly, the court finds

14   that Plaintiffs have shown good cause to subject Defendants' discovery involving Dr.

15   Whitaker to protective measures.  *See* Fed. R. Civ. P. 26(c); Fed. R. Civ. P.

16   45(d)(3)(A)(iii); Fed. R. Civ. P. 45(d)(3)(B)(i).  The court therefore orders the following

17   modifications:

18        (1)  Both the document production and Dr. Whitaker's deposition are subject to

19             the Protective Order signed by Magistrate Judge Michael S. Nachmanoff in the

20

21   ─────────────

     [4] The court finds that Plaintiffs have standing to seek modification of the subpoenas

22   because they assert that the subpoenas seek their privileged information. *See Johnson*, 2012 WL
     6726523, at *2.

1        Underlying Litigation.  *See* E.D. Va. PO.  However, the Protective Order

2        provides that the District Court for the Eastern District of Virginia will preside

3        over disputes arising from discovery conducted pursuant to the Protective

4        Order and that the Eastern District of Virginia's Local Civil Rules apply to

5        such disputes.  (*See, e.g.*, *id.* at 77-79, 81-82, 86-88.)  The court clarifies that

6        this court is the appropriate forum for disputes arising from Defendants'

7        subpoenas to Dr. Whitaker, including any disputes related to the procedures

8        outlined in the Protective Order, and that this District's Local Civil Rules apply

9        to filings in this court that are related to the subpoenas;

10    (2)  Dr. Whitaker may not provide documents responsive to Defendants'

11       subpoenas before Plaintiffs prescreen relevant documents in Dr. Whitaker's

12       possession, custody, or control to determine whether the documents are

13       privileged or are confidential under the terms of the Protective Order.  Should

14       Plaintiffs determine that any documents are privileged, Plaintiffs must log such

15       documents in an appropriate privilege log.  Should Plaintiffs determine that

16       any documents are confidential, Plaintiffs must handle such documents

17       according to the procedures provided for in the Protective Order;

18    (3) Defendants' deposition of Dr. Whitaker is subject to the provisions of the

19       Protective Order.  Plaintiffs' counsel may attend Dr. Whitaker's deposition and

20       instruct Dr. Whitaker on issues of privilege.

21  //

22  //

ORDER - 9

1       The court further vacates the dates in the subpoenas because those dates have

2   passed and sets the following timeline for compliance with Defendants' subpoenas:

3       (1)  No later than seven (7) days after the entry of this order, Defendants,

4           Plaintiffs, and Dr. Whitaker must meet and confer to agree upon a mutually

5           agreeable date for Dr. Whitaker's deposition.  The date upon which the parties

6           agree to conduct the deposition must be no later than thirty (30) days after the

7           entry of this order.

8       (2)  No later than fourteen (14) days after the entry of this order, Dr. Whitaker

9           must provide all documents responsive to Defendants' subpoenas and within

10          his custody, control, or possession to Plaintiffs for prescreening.

11      (3)  As soon as practicable but no later than thirty (30) days after the date on which

12          Dr. Whitaker provides the documents to Plaintiffs, Plaintiffs must prescreen all

13          such documents.  No later than thirty (30) days after the date on which Dr.

14          Whitaker provides the documents to Plaintiffs, Plaintiffs shall provide to

15          Defendants and Dr. Whitaker a log of all documents it withholds from

16          production on the basis of privilege.  For documents that Plaintiffs contend are

17          confidential under the terms of the Protective Order, Plaintiffs shall adhere to

18          the procedures designated in the Protective Order for categorizing and

19          producing such documents.

20      (4)  No later than seven (7) days after the date on which Plaintiffs complete their

21          prescreening and provide to Defendants and Dr. Whitaker the log described

22  //

above, Dr. Whitaker must produce to Defendants all documents that

Plaintiffs do not withhold on the basis of privilege.

## IV.  CONCLUSION

For the reasons set forth above, the court GRANTS in part and DENIES in part

Plaintiffs' motion (Dkt. # 1) and ORDERS the parties and Dr. Whitaker to comply with

the subpoenas in the manner described above.

Dated this 16th day of March, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 11